IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| ESAI GARCIA ORDONEZ, | ) |
| | ) |
| Petitioner, | ) 3:25-CV-00404-SLH |
| | ) |
| vs. | ) STEPHANIE L. HAINES |
| | ) UNITED STATES DISTRICT JDUGE |
| LEONARD ODDO, *Warden, Moshannon Valley Processing Center, et al.*, | ) |
| | ) |
| | ) |
| Respondents. | ) |

## **ORDER**

Now pending before the Court is Petitioner Esai Garcia Ordonez's ("Petitioner") Motion for a Temporary Restraining Order ("T.R.O."). (ECF No. 8-1). Therein, Petitioner requests a T.R.O. "(i) enjoining Respondents from detaining [him] under 8 U.S.C. § 1225(b)(2)[1]; and (ii) ordering Petitioner's immediate release from Respondents' custody, or, in the alternative, a bond hearing within 7 days." (*Id.* at 1–2).

Upon consideration of Petitioner's filing at ECF No. 8, the Court finds that his requests are not the proper subject of a request for *ex parte* injunctive relief—the Court may only potentially afford such affirmative relief if it first gives Respondents notice and an opportunity to respond. *Hope v. Warden York County Prison*, 956 F.3d 156 (3d Cir. 2020) ("*Hope I*"); *Hope v. Warden*

---

[1] As this Court has previously explained, if an individual is categorized as falling under § 1225, he or she is typically detained pending removal proceedings, but if that individual is categorized as falling under § 1226(a), then he or she may be released on bond pending removal proceedings. *Del Cid v. Bondi*, No. 3:25-CV-304, 2025 WL 2985150, at *5 (W.D. Pa. Oct. 23, 2025). Therefore, insofar as Petitioner requests an order barring his detention under § 1225(b)(2), he is effectively requesting either release from custody or a bond hearing.

*York County Prison*, 972 F.3d 310 (3d Cir. 2020) ("*Hope II*").[2]  Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion for a T.R.O. at ECF No. 8 is DENIED.[3]

IT IS FURTHER ORDERED that all remaining matters in this case remain referred to the Magistrate Judge for consideration in the first instance.

SO ORDERED and DATED this 12th day of December 2025.

BY THE COURT:

*/s/ Stephanie L. Haines*
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

---

[2] The Court briefly explains its point on this score.  In *Hope I*, the Third Circuit explained that a TRO is generally not appealable, while a preliminary injunction is.  *Hope I*, 956 F.3d at 159–60.  The Third Circuit further stated that when a "*purported* TRO goes beyond preservation of the status quo and mandates affirmative relief, the order may be immediately appealable[.]" *Id.* at 160–62 (emphasis added) (ultimately finding that purported TROs, which the district court issued without affording the Government an opportunity to be heard, and which granted affirmative relief in the form of release of twenty immigration detainees on their own recognizance, were immediately appealable).  In other words, in *Hope I*, the Third Circuit implicitly held that orders granting affirmative relief (such as the release of alien detainees on their own recognizance) were preliminary injunctions, not TROs.

That fact is important because, in *Hope II*, the Third Circuit explained that a court "may not … issue an *ex parte* preliminary injunction." *Hope II*, 972 F.3d at 320.  Accordingly, based on *Hope I and II*, working together, this Court finds that it cannot issue an *ex parte* order granting affirmative relief.  Such relief may only come after the Court has afforded the opposing party notice and an opportunity to be heard.  *Hope I*, 956 F.3d at 160 (noting that our "entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute") (cleaned up).

[3] The Court stresses that Petitioner is not currently requesting a Preliminary Injunction. (ECF No. 8-1).