IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESAI GARCIA ORDONEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-404 |
| | ) | Judge Stephanie L. Haines |
| LEONARD ODDO, *Warden Moshannon* | ) | |
| *Valley Processing Center, et al.,* | ) | |
| | ) | |
| Respondents. | | |

**ORDER OF COURT**

Petitioner, Esai Garcia Ordonez, instituted this action with a Petition for Writ of Habeas Corpus (ECF No. 1) on November 12, 2025. Respondents filed a Response (ECF No. 20) on February 9, 2026, and a Reply (ECF No. 21) was filed on February 18, 2026, by Petitioner. Shortly thereafter, on February 23, 2026, Respondents filed a Notice (ECF No. 22) informing the Court that Petitioner had requested voluntary departure and waived appeal. Thus, Petitioner is now subject to a final order of removal. Respondents assert that given this development, the Petition for Writ of Habeas Corpus is now moot. In support Respondents attached Exhibit 1 (ECF No. 22-1), the Order of the Immigration Judge. On February 24, 2026, the Court ordered the Petitioner to respond to the Notice (ECF No. 23). Nearly two months have passed and Petitioner has not responded. The Court must assume that Petitioner has departed the United States and/or abandoned the case.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See*

1

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's presume departure, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 20th day of April, 2026, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) hereby is DISMISSED as moot; and,

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction (ECF No. 14) and the Motion to Expedite Decision (ECF No. 17) hereby are DISMISSED as moot; and,

IT IS FURTHER ORDERED that the Clerk of Courts shall mark this case closed.

Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record

2